**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES J. MITCHELL, individually,
and as guardian and next friend of
Michelle Mitchell, a minor, and
Jamie Mitchell, a minor; LINDA
MITCHELL, individually and as
guardian and next friend of Michelle
Mitchell, a minor, and Jamie Mitchell,
a minor,

        Plaintiffs-Appellants,

v.

CITY OF TULSA, ex rel., TULSA
POLICE DEPARTMENT; G.K. FISH;
JOHN DOE, Officer; JAMES DOE,

        Defendants-Appellees.

No. 02-5044
(D.C. No. 00-CV-1034-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **TACHA** , Chief Judge,   **BRORBY** , Senior Circuit Judge, and    **HARTZ** ,
Circuit Judge.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant James J. Mitchell appeals the grant of summary judgment in favor of defendants-appellees the City of Tulsa and one of its police officers, G. K. Fish. Plaintiff filed suit under 42 U.S.C. § 1983, alleging both that he had been wrongfully arrested by Officer Fish and that the City of Tulsa had been negligent in its training of the officer. He also asserted claims arising out of the same facts for defamation, malicious prosecution, false imprisonment, assault and battery, intentional infliction of emotional distress, and similar violations of state law. Plaintiff agrees, however, that the contention that Officer Fish lacked probable cause to arrest him is central to all his claims. We have jurisdiction under 28 U.S.C. § 1291. Because there was probable cause for the arrest, we affirm the judgment of the district court.

## Background

The essential facts are undisputed. On June 18, 1999, Officer Fish received a telephone call reporting the alleged abuse of a child in the public parking lot outside a grocery store. The woman making the phone call identified herself as

Karen Hinch. She gave her address and informed the officer that she worked for the Tulsa Public Schools.

Hinch reported the following: A white male had been pushing a shopping cart in the parking lot with a two-year-old girl inside. The male was approximately fifty-five years old, six feet tall, and weighed 225 pounds; he was wearing glasses, a brown sports coat, pants, and a black knit shirt. The man pushed the cart into a pole, struck the child across her head with his hand, grabbed her by the back of her overalls, slung her into a blue-and-cream-colored van, and slammed the door shut. He then drove the van to another part of the parking lot and picked up two female passengers.     *Id.*

Officer Fish conducted a record check on the license plate number that Hinch gave him and determined that the van had recently been sold to Plaintiff. Fish, another officer, and a civilian ride-along went to Plaintiff's house, where they saw the van in front of the house. After Fish knocked on the front door of the house, Plaintiff's wife let the three in. Plaintiff's wife confirmed that she had been to the grocery store that day with Plaintiff, Michelle Mitchell, their daughter, and Jamie Mitchell, their two-year-old grandchild.

When Plaintiff entered the room, his physical appearance and clothing matched Hinch's report. Although what Plaintiff said when he entered the room is disputed, it is not disputed that Plaintiff admitted having been at the grocery

-3-

store, that he was told he had been accused of child abuse, that he did not provide any identification or answer questions, and that he was placed under arrest.

Fish then examined the two-year-old child. He observed no marks on her body. The child was, however, very upset before and during the examination. Fish removed Plaintiff from the house and booked him into the Tulsa County Jail for felony child abuse, although the Tulsa County District Attorney ultimately declined to file charges. Hinch later submitted to the Police Department a written report that was consistent with what she had told Officer Fish on the telephone.

**Standard of Review**

We review a grant of summary judgment *de novo*, applying the same standard that the district court is to apply. *Hollingsworth v. Hill*, 110 F.3d 733, 737 (10th Cir. 1997). We view the evidence and any inferences therefrom in the light most favorable to the non-moving party, *J.B. v. Washington County*, 127 F.3d 919, 923 (10th Cir. 1997); and we will affirm a grant of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," *id.* (quoting Fed. R. Civ. P. 56(c)).

When summary judgment is founded on the defense of qualified immunity, we review the matter under the framework set out in *Woodward v. City of*

*Worland*, 977 F.2d 1392, 1396-97 (10th Cir. 1992). The Plaintiff has the burden to show that the law was clearly established when the alleged violation occurred and must present facts or allegations sufficient to show that the official violated that law. *Id.* If there is no genuine controversy regarding any material fact that would defeat the defendant's claim of qualified immunity, the defendant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**Discussion**

Plaintiff asserts that there was not probable cause to arrest him because Fish did not properly investigate Hinch's tip. In particular, Plaintiff contends that Fish could not rely on the presumptive reliability of tips from identified citizens because the tip here was received over the phone rather than in person.

An officer may make a warrantless arrest when he has probable cause to believe that a crime has been committed. *Thompson* v. *City of Lawrence, Kan.*, 58 F.3d 1511, 1515 (10th Cir. 1995). He is entitled to qualified immunity from suit if he could have reasonably believed that the arrest was based on probable cause. *Id.* "Probable cause exists if the arresting officer has knowledge of facts and circumstances which are reasonably trustworthy and sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Id.* In determining whether there was probable cause, we consider the

"totality of the circumstances" rather than whether specific "tests" have been satisfied by an informant's tip. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983).

We distinguish between "anonymous tipsters, whose motives and bases of knowledge are unknown to the investigating officers, and ordinary citizens who identify themselves and report crimes to the police." *J.B.*, 127 F.3d at 929. Although we emphasize the importance of corroborating some amount of anonymous tipsters' information, we presume the reliability of citizen informants. Thus, a tip from a citizen may provide the basis for probable cause. *See, e.g.*, *United States v. Morgan*, 936 F.2d 1561, 1569 (10th Cir. 1991); *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1449-50 (10th Cir. 1985). If an officer knows the eyewitness's identity and can assess that person's veracity, no further corroboration is necessary. *J.B.*, 127 F.3d at 930.

To be sure, the risk of falsity is greater when the self-identified tipster is not visible to the officer. The tipster may be using someone else's identity and may believe that there is little risk of being caught. But the willingness to provide one's identity, even over the phone, is an important indicium of reliability. And in this case we have additional indicia that the report was credible: (1) the detail of the report, (2) the corroboration of much of that detail, and (3) the reaction of Plaintiff to the report. In our view, a prudent person, after

receiving the telephone call and obtaining corroboration at Plaintiff's home, could believe Plaintiff had assaulted the child.

We note that the applicable Oklahoma statute does not require there to be marks on a child's body, only that a person has used unreasonable force upon the child. Okla. Stat. tit. 21, § 843, *renumbered as* Okla. Stat. tit. 10, § 7115 (1999) (effective Nov. 1, 1995) (establishing that it is a felony in Oklahoma for any "parent or other person . . . [to] . . . wilfully or maliciously injure, torture, maim, [or] to use unreasonable force upon a child under the age of eighteen (18) . . . ."). Also, Officer Fish testified that bruises from abuse do not always appear immediately even if they may be present later.

Based on the totality of the circumstances, *Gates*, 462 U.S. at 230-31, we agree that probable cause existed for Officer Fish to believe that a crime had occurred, and that Plaintiff was the one who had committed the crime. *Thompson*, 58 F.3d at 1515. Because there has been no violation of constitutional rights, Officer Fish is protected by qualified immunity. *Id.* Likewise, in the absence of a

constitutional violation, Plaintiff's claim against the City of Tulsa must fail. *See generally City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge